[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15403
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00053-RLV-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME LUIS ESTRADA-MONZON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 31, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Jaime Luis Estrada-Monzon appeals his sentence of 46 months'

imprisonment, imposed at the high end of the applicable guideline range of 37 to 46 months' imprisonment after he pled guilty to illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(1).  On appeal, Estrada-Monzon argues that his sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors.  Estrada-Monzon contends that, although he had illegally re-entered the United States several times in the past, the district court should have considered at sentencing the mitigating reasons why he had returned to the United States each time.  Specifically, Estrada-Monzon asserts that he only returned to the United States when his family needed his support.

"A district court's sentence need not be the most appropriate one, it need only be a reasonable one." United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc).  "We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." Id.  The party challenging the sentence has the burden of establishing that the sentence was unreasonable based on the record and the factors set forth in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  Although we "do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the [g]uidelines range to be reasonable." United States v. Hunt, 526 F.3d 739, 746

(11th Cir. 2008) (quotation and alteration omitted).

The district court did not abuse its discretion in sentencing Estrada-Monzon to 46 months' imprisonment in light of his extensive criminal history (including a gruesome assault, six DUIs, and five counts of obstruction of an officer), four illegal reentries and two convictions thereof, and the other 18 U.S.C. § 3553(a) factors. Estrada-Monzon's guideline sentence had an expectation of reasonableness, and he has failed to show that his total sentence is substantively unreasonable.

**AFFIRMED.**